UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:13-cr-48-GFVT-HAI-6 |
| ) | |
| V. ) | |
| ) | |
| WILLIAM WOOTEN, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 386] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, William Wooten, is charged with five violations of his supervised release conditions. *Id.* at 2. The five violations include that he: twice committed "another federal, state, or local crime;" failed to "notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;" failed to "notify the probation officer at least ten days prior to any change in residence or employment;" and failed to have sufficient full-time employment or adequately look for employment. *Id.* at 2-3. Judgment was originally entered against the Defendant in January 22, 2015, after Wooten was found guilty on one count for conspiracy to manufacture methamphetamine. *Id.* at 1. He was originally sentenced to twenty-four months followed by a three-year term of supervised release. *Id.* While in custody Wooten completed the Residential Drug Abuse Program. *Id.* On July 6, 2016, Wooten was released and began his term of supervision. *Id.*

On October 22, 2018, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings. *Id*. This report initially alleged four violations but was later given an addendum alleging a fifth violation. *Id.*

First, the Report complains that Wooten "commit[ted] another federal, state or local crime." Wooten violated this condition when he pled guilty to Public Intoxication Controlled Substance (Excludes Alcohol) and was given thirty days of jail time. *Id.* at 2. This conduct would constitute a Grade C violation. *Id.*

Second, the Report alleges that Wooten failed to "notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." *Id.* Failure to provide timely notice of such an interaction is a Grade C violation. *Id.*

Third, the Report alleged that the Defendant failed to "notify the probation officer at least ten days prior to any change in residence of reemployment." *Id.* When the Probation Officer traveled to the Defendants last report residence, he was informed that Wooten had not lived there for at least five months. Defendant's failure to notify the probation office constitutes a Grade C violation. *Id.*

Fourth, the Report alleged a failure to notify the probation office within ten days prior to any change in employment. *Id.* When the Probation Officer contacted Wooten's last reported place of employment, he was told that Wooten had not worked there for at least the five previous months. *Id.* at 3. Wooten's failure to inform the probation office is a Grade C violation. *Id.*

Finally, the Addendum to the Report alleges that Wooten again violated the provision that he "not commit another federal, state or local crime." *Id.* For this violation, the Addendum reports that the Defendant was arrested and charged with a Class D felony for Receiving Stolen Property Under $10,000. Wooten was able to post $1,000 cash bond and released on October 30,

2018.  This conduct constitutes a Grade B violation.  *Id.*

Wooten waived a formal hearing.  *Id.* at 4.  The Court found Wooten to have competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report.  [R. 385.]  On March 8, 2019, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Wooten's supervised release and a term of six months of imprisonment with an additional term of eighteen months supervised release during which time he must live with his grandmother unless the Court approves another residence in advance.  [R. 386 at 8.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence.  *Id.* at 6.  Wooten admission to using drugs and receiving stolen property shows a willingness to engage in criminal conduct.  *Id.*  Unfortunately, Wooten's substance abuse problems have negatively affected his decision-making.  *Id.*  But Wooten was able to abide by the terms of his supervised release for the first two years.  *Id.*  Judge Ingram found it credible that he will be able to get back on track.  *Id.* at 7.

The need to deter criminal conduct weighs heavily in this case.  *Id.*  Wooten's violations were criminal in nature and had a direct impact on the public.  *Id.*  Therefore, a term of imprisonment is necessary to achieve specific and general deterrence.  *Id.*

While Wooten has returned to drug use, the RDAP was successful in helping keep him clean for a couple of years.  *Id.*  An additional term of supervision will help the probation office determine and provide the treatment that Wooten needs.  *Id.*

Finally, Wooten's violations are also a serious breach of the Court's trust.  The Defendant has violated multiple terms of his release.  Unfortunately, these multiple breaches of trust require a term of imprisonment of six months, not the four months requested by the Defendant.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. *Id*. at 9. *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Wooten submitted a waiver of allocution. [R. 390.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 386**] as to Defendant William Wooten is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Wooten is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Wooten's Supervised Release is **REVOKED**;

4. Mr. Wooten is **SENTENCED** to the Custody of the Bureau of Prisons for a term of six months of imprisonment:

5. An eighteen months term of supervised release under the conditions contained in the Wooten's previous revocation judgment [R. 310], with the added condition that Wooten must

reside with his grandmother unless the Court approves an alternative residence in advance.

This the 15th day of April, 2019.

Gregory F. Van Tatenhove
United States District Judge